[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2007
THOMAS K. KAHN
CLERK

No. 06-14431
Non-Argument Calendar

_____

BIA No. A70-892-979

JUN LI XIAO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 28, 2007)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jun Li Xiao ("Xiao"), a native and citizen of China, appeals the Board of

Immigration Appeals' ("BIA") order, affirming the Immigration Judge's ("IJ") denial of his motion to reopen, which was filed over six years after he was ordered removed *in absentia*. Upon review, we deny Xiao's petition.

BACKGROUND

Xiao filed an asylum application on July 5, 1993, alleging that he had been threatened by the Chinese government because of his participation in the 1989 student movement for democracy. The Immigration and Naturalization Service ("INS") served a Notice to Appear ("NTA") on July 27, 1998 charging Xiao with being an alien present in the United States who was not admitted or paroled, in violation of INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). On August 5, 1998, the INS issued a notice to Xiao by mail, notifying him that his removal hearing would take place on July 8, 1999. Xiao was not present at his removal hearing, and on July 9, 1999, the IJ ordered him removed *in absentia*.

On November 15, 2005, Xiao filed a motion to reopen, arguing that he had a valid claim for asylum based on his well-founded fear of persecution because of the birth of his children in the United States and the coercive family planning laws in China. Xiao argued to the IJ that his case should be reopened because of his changed circumstances, namely the birth of his children in the United States.

On January 6, 2006, the IJ denied the motion, finding that no substantial grounds warranted that the motion be granted, and that the motion was time-barred.

2

On February 6, 2006, Xiao appealed the IJ's decision to the BIA, arguing that the IJ erred because Xiao could establish a well-founded fear of persecution based on the birth of his children. Xiao argued in his supporting brief that the birth of his second and third child should have entitled him to reopen his case.

On July 20, 2006, the BIA issued a decision, denying Xiao's motion to reopen and dismissing his appeal. The BIA stated that Xiao failed to submit evidence supporting his contention that he had a well-founded fear of persecution based on the birth-control policy in China. The BIA stated that the birth of Xiao's children related only to his change in personal circumstances and did not constitute a change in circumstances in China that would have created an exception to the time period for filing a motion to reopen. The BIA affirmed the IJ's ruling that the motion to reopen was untimely and found that reopening his proceedings was not warranted. Xiao filed this petition for review.

STANDARD OF REVIEW

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). In this case, the BIA issued its own decision, and we review only the BIA's decision. We review the denial of a motion to reopen for an abuse of discretion. *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1340 (11th Cir. 2003). The BIA abuses its discretion when it reaches its decision "in an

3

arbitrary or irrational manner." *Gomez-Gomez v. INS*, 681 F.2d 1347, 1349 (11th Cir. 1982).

## DISCUSSION

Once Xiao was ordered removed *in absentia*, he had two avenues of relief through which he could move to have his proceedings reopened. Xiao could have moved to reopen his proceedings to request that the removal order be rescinded pursuant to 8 U.S.C. § 1229a(b)(5)(C).[1] However, Xiao moved to reopen his proceedings based on new evidence pursuant to 8 U.S.C § 1229a(c)(7)(B).

Ordinarily, an alien must file a motion to reopen based on new evidence within 90 days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). An exception to the 90-day rule exists if, *inter alia*, the alien is reapplying for asylum and withholding of removal "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R § 1003.2(c)(3)(ii). Xiao argues that even though his motion to reopen was filed six years after the removal order was entered, his recent marriage and the birth of his children in the United States constitute changed country conditions that should

---

[1] While Xiao stated in his affidavit to the IJ that he did not appear at his removal hearing because he did not receive notice of the hearing, Xiao did not challenge the order finding him removable, which was entered *in absentia*.

4

allow him to file a motion to reopen at any time.

Motions to reopen must state the new facts that will be proven at a hearing if the motion is granted, and must be supported by affidavits or other evidentiary material. 8 U.S.C. § 1229a(c)(7)(B). Motions to reopen are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25, 116 L. Ed. 2d 823 (1992). The BIA may deny a motion to reopen if: (1) the movant did not establish a *prima facie* case for the underlying substantive relief; (2) the movant did not introduce previously unavailable material evidence; and (3) the movant, despite being eligible, is not entitled to the discretionary grant of relief. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).

We find that the BIA did not abuse its discretion in denying Xiao's motion to reopen. The BIA found that Xiao did not submit any documents or evidence to support his contention that he had a well-founded fear that he would be persecuted if deported to China because of the birth of his children. Furthermore, the BIA found that Xiao did not demonstrate any changed circumstances arising out of his country of nationality. The fact that Xiao married and had children that were born in the United States is not a change in circumstances arising out of the People's Republic of China. *See Wang v. BIA*, 437 F.3d 270, 273 (2d Cir. 2006) (holding

that the birth of children in the United States is evidence of "changed personal circumstances, as opposed to changed conditions in China").  Accordingly, the BIA did not err in finding that Xiao had not demonstrated a well-founded fear of persecution and that Xiao's motion was untimely in that it did not fall within the "changed circumstances" exception to the 90-day rule.

   **PETITION DENIED**.